# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JEREMY D. REED, | Case No. 3:22-cv-63 |
| Plaintiff, | |
| vs. | District Judge Walter H. Rice |
| | Magistrate Judge Stephanie K. Bowman |
| PREBLE COUNTY OHIO SHERIFF DEPARTMENT, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint in this Court. (Doc. 1).

On March 7, 2022, the undersigned issued a Deficiency Order, requiring plaintiff to pay the full filing fee or submit to the Court a certified copy of plaintiff's prison trust fund account statement within thirty (30) days. (Doc. 4). Plaintiff was advised that failure to comply with the Order would result in the dismissal of this action for want of prosecution. (*Id.* at PageID 36).

On March 24, 2022, the Order was returned to the Court marked "Return to Sender Inmate no longer in this Facility." (Doc. 7). To date, more than thirty days after the March 7, 2022 Order, plaintiff has failed to inform the Court of his current address or respond to the Court's Deficiency Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.[1]

    **IT IS SO RECOMMENDED.**

Date: 04/14/2022                        *s/Stephanie K. Bowman*
                                                               Stephanie K. Bowman
                                                               United States Magistrate Judge

---

[1] Plaintiff filed a related case in this Court. *See Reed v. Preble Cnty. Sheriff Dept.*, Case No. 3:22-cv-62 (S.D. Ohio Mar. 2, 2022). It has also been recommended that the related action be dismissed for want of prosecution after plaintiff failed to respond to a Deficiency Order issued in that case.

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| JEREMY D. REED, | : Case No. 3:22-cv-63 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Stephanie K. Bowman |
| PREBLE COUNTY OHIO | : |
| SHERIFF DEPARTMENT, et al., | : |
| Defendants. | : |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).